[*General Term, January*, 1872.]

## FINNELL AND McGUIRE *v.* HOWELLS.

When a city makes a contract for an improvement under a law authorizing it to make an assessment to a certain per cent. on the abutting property to pay the expenses of such improvement, though the law is amended subsequent to the contract, but prior to the passage of the assessing ordinance, so as to diminish the per cent., the right to make the assessment to the extent authorized at the time of the contract, is saved by the saving clauses of chapter 60 of the municipal code.

Whether under such circumstances the legislature could divest the corporation of its power to make the assessment on the faith of which the contract was made, *quære?*

ON November 6, 1868, the city council of Cincinnati, on the petition of two-thirds of the property owners therefor, and the recommendation of the board of city improvements, passed an ordinance to grade and pave Oregon street from Observatory road, fifteen hundred and forty-seven feet southeastwardly, declaring the same necessary, and that the costs and expenses thereof be ascertained and assessed according to the provisions of the acts of the legislature and the ordinances of the city of Cincinnati upon the subject.

At the time this improvement was ordered, the law, referred to in the ordinance and in the contract for the work subsequently made with the plaintiffs, provided "that in no case shall the tax levied and assessed upon any lots or lands for any improvement authorized by this section, amount to more than fifty per centum of the value of said lot or land, to be estimated after the said improvement has been made; and all the costs of said improvement exceeding the said per centum, that would otherwise be chargeable on said lot or land, shall be paid by the municipal corporation out of its general resources." Swan & Sayler, 804, 805. And the ordinance, referred to in the ordinance di-

recting the improvement and in the contract, provided that in every agreement for such work, it shall be stipulated "that the city shall not, in any court, be liable to pay the person or persons so contracting for any part of said work and the materials to be used for the same, except such part thereof as may properly be chargeable upon city property bounding or abutting thereon." 2 Disney's Laws and Ordinances (1866), 849.

On December 23, 1868, an agreement was executed by and between the city and the plaintiffs in error, whereby the latter agreed to do the work at stipulated prices and in a specified manner; and that their compensation and payment for the work, etc., shall be made as specified in said ordinance of June 12, 1850, above cited, and not otherwise. And that the city of Cincinnati shall not, in any event, be liable to pay for any part of said work, etc., except such as may be properly chargeable upon city property bounding on the street.

The work under this contract was performed by the plaintiffs in error and accepted by the city; and on November 18, 1870, council passed an ordinance assessing and levying six dollars twenty-eight cents and six mills ($6.28.6) on each front foot of the several lots of land abutting on the street to pay the costs and expenses of the improvement; and that the owners of said lots of land pay the amounts severally due from them to Finnell & McGuire, the plaintiffs in error, within twenty days from the date of the ordinance, or be subject to the interest and penalty on the same.

The municipal code (66 Ohio Laws, 241), which took effect July 1, 1869, made no substantial change in the mode of assessing and paying for improvements of this description. Sec. 543.

On April 17, 1870, before this work was finally completed, the legislature repealed the above section 543 of the municipal code, and provided that, "In no case shall the tax or assessment, specially levied and assessed upon any

lot or land for any improvement, amount to more than five per centum of the value of such lot or land as assessed for taxation ; the cost exceeding said per centum, that would otherwise be chargeable on such lot or land, shall be paid by the corporation out of the general revenue." 67 Ohio Laws, 80.

And the above amendment was repealed on May 2, 1871, and section 543 re-enacted in the exact language of the above amendment of April 17, 1870, with this proviso added : " Provided, that in cities of the first class the tax or assessment specially levied and assessed upon any lot or land for any improvement, may amount to twenty-five per centum of the value of such lot or land after such improvement is made." 68 Ohio Laws, 125.

Edward B. Howells, the defendant in error, was the owner of a lot fronting one hundred and sixty feet on Oregon street, and extending back eastwardly one hundred and eighty feet on one side, and two hundred and ninety feet on the other, the assessment upon which, as provided in the assessing ordinance, amounted to $1,005.76.

It appears that this lot was valued for taxation under the then existing valuation at $700; that under the late valuation made since, and since the improvement of the street, it was valued for taxation at $2,500.   There was proof also of the actual value made at the trial, which satisfied the court that the lot, after the improvement, was worth more than double the amount assessed against' it for the improvement.

*H. M. Cist,* for plaintiffs in error.

*Caldwell, Coppock & Caldwell,* and *J. G. & H. Douglas,* for defendant in error.

MINER, J.   It was claimed at the trial, by the defendant in error, and held by the court, that, at the date of the assessing ordinance, the law governing and limiting the power

of the city to assess for this improvement, was the amendatory act of April 17, 1870, above recited, and the court below rendered judgment for the plaintiffs, for $175, being twenty-five per cent. of the valuation for taxation at the date of the assessing ordinance.

In this the plaintiffs in error claim the court erred, and insist they were entitled to the assessment, according to the law as it existed at the date of the ordinance providing for the improvement, and of the contract between them and the city to do the work.

It certainly was in the contemplation of the city, when she determined to have the work done, that the cost of it was to be defrayed according to existing laws. In fact, the ordinance so expressly provides. It is equally clear that this was the understanding of the plaintiffs in error when they entered into the contract to do the work; and the contract following the ordinance, in this respect, also so provides.

Two-thirds of the property holders had petitioned for the improvement, and all of them had such notice of the proceedings of council, in the premises, as to charge them and their property, according to the existing law, for the expense of the work. The plaintiffs in error, acting upon the faith that they were entitled to an assessment, if necessary, to the extent of one-half the value of the property, to be collected from the property owners, were willing to, and did, give up all claim against the city, for any amount exceeding the fifty per cent. for which the property holders would be liable. The judgment of the court below has produced a state of case wholly different from that contemplated and acted upon by the parties, and which, if it could have been foreseen, it is safe, we think, to say, the city would not have ordered the work, nor the contractors have made the agreement they did.

We incline strongly to the opinion that, by the terms of the first ordinance and of the agreement, and in view of the law then existing, under which all parties were acting, rights were acquired which no subsequent legislation could

take away—rights of contract which, by the federal constitution, as well as the constitution of this State, could not be divested or impaired.,

In *Von Hoffman* v. *City of Quincy*, 4 Wallace, 535, the court decided that "when a statute has authorized a municipal corporation to issue bonds, and to exercise the power of local taxation in order to pay them, and persons have bought and paid value for bonds issued accordingly, the power of taxation thus given is a contract within the meaning of the constitution, and can not be withdrawn until the contract is satisfied. The State and the corporation in such a case are equally bound.

"A subsequently passed statute, which repeals or restricts the power of taxation so previously given, is, in so far as it affects bonds bought and held under the circumstances mentioned, a nullity; and it is the duty of the corporation to impose and collect the taxes in all respects as if the second statute had not been passed." And other like authorities might be cited.

But, in this case, we rest our decision upon another ground.

In the municipal code, which took effect July 1, 1869, chap. 60, sec. 725, title, "*Saving of existing rights,*" it is provided, that "all *rights* and property of every kind and description, which were vested in any municipal corporation under its former organization, shall be deemed and held to be vested in the same municipal corporation under the organization made by this act; and no *rights* or *liabilities,* either *in favor* of *or against such corporation,* existing at the time of taking effect of this act, and no suit or prosecution of any kind, shall be in any manner affected by such change, but the same shall stand or *progress* as if no such change had been made; provided, that when a different remedy is given by this act, which can be made applicable *to any rights existing at the time of its passage,* the same shall be deemed cumulative to the remedy before provided, and may be used accordingly." 66 O. L. 272.

Finnell & McGuire *v.* Howells.

And in section 729 of same code, it is provided, that " all laws, ordinances, and resolutions, heretofore lawfully passed and adopted by the trustees or council, shall remain and continue in force until altered or repealed by the trustees or council established by this act."

The amendatory act of April 17, 1870, providing a different rule of assessment, and which the court below held governed this case, does not contain any saving clause; nor was it necessary, for the savings contained in sections 725 and 729 of the original act, quoted above, are left untouched by this amendment and in full force.

We are satisfied that the saving clauses in the original act, establishing the municipal code, fairly interpreted, operated to save and maintain, to all parties interested in this suit, the law as it stood when the first ordinance, declaring that the improvement should be made, was passed, and when the agreement between the city and the plaintiffs in error to do the work was entered into.

We therefore reverse the judgment of the court below, and direct that a judgment be entered here, in favor of the plaintiffs in error, for the $1,005.76 and interest, and for the penalty provided by law. The latter we would be inclined to remit, but it is given by positive law, and is not a matter within our discretion.

In the case of the same plaintiffs in error against L. C. Goodall, also heard with this case, and involving the same questions, Goodall being the owner of another lot abutting on Oregon street, we reverse the judgment below for the same reasons; but, inasmuch as there is no testimony in this latter case enabling us to determine the value of his lot, after the improvement was made, we remand the case for a new trial.